United States District Court
Southern District of Texas
**ENTERED**
September 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-26-41 |
| | § | |
| OWEN SEVERANCE WOOD | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Count One of the Second Superseding Indictment Based on Improper Venue. (ECF No. 67.) The Government filed a response in opposition (ECF No. 70), to which Defendant filed a reply (ECF No. 71).

Having considered the motion, the response, the reply, the record, and the applicable law, the Court **DENIES** the motion for the reasons shown below.

## I. BACKGROUND AND CLAIMS

Count One of the Second Superseding Indictment charges Defendant as follows:

> **COUNT ONE**
> **(Sexual Exploitation of a Child)**
>
> On or about December 15, 2025 and continuing through January 6, 2026, within the Southern District of Texas and elsewhere,
>
> **OWEN SEVERANCE WOOD,**
>
> defendant herein, did employ, use, persuade, induce, entice and coerce and attempt to employ, use, persuade, induce, entice and coerce a minor child, to wit: Minor Victim #1, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transported or transmitted using any means and facility of interstate and foreign commerce.
>
> In violation of Title 18, United States Code, Section 2251(a) & (e).

(ECF No. 63, pp. 2–3, original boldface.)

Defendant alleges that, based on discovery produced by the Government,[1] the Government will contend at trial that Defendant's alleged act of using Minor Victim #1 to create child pornography was entirely done in December 2025 in the Northern District of California using an iPhone camera that had been transported in and affecting interstate and foreign commerce. Defendant additionally alleges that, according to the criminal complaint (ECF No. 1, at 3), when he arrived at Bush Intercontinental Airport in January 2026, the subject child pornography was in the "recently deleted" folder on his iPhone. For purposes of this motion, the parties do not dispute that the Government alleges Defendant produced the video recording while in the Northern District of California, that he then traveled outside that district, and that he was subsequently apprehended in possession of the video recording on his cell phone in the Southern District of Texas.

Defendant argues that venue does not lie in the Southern District of Texas because no "essential conduct" element of 18 U.S.C. § 2251(a) is alleged to have occurred within the district. According to Defendant, the video recording was allegedly made in the Northern District of California, which ended the alleged unlawful conduct and thus limits venue to that district.

The Government counters that production of the video recording is not the sole factor for this particular offense because Count One required transport or transmission of the video

---

[1]The Court understands that the parties' allegations in the pending motion, response, and reply are not being offered as statements of fact.

recording in interstate commerce. It argues that an "offense involving . . . transportation in interstate or foreign commerce" may be "prosecuted in any district from, through, or into which such commerce . . . or imported object . . . moves." 18 U.S.C. § 3237(a). The Government contends that venue is proper in the Southern District of Texas because Defendant physically transported the video recording he produced of Minor Victim #1 engaged in sexually explicit conduct into the Southern District of Texas via his cell phone.

Consequently, at issue for venue purposes is whether the criminal conduct as alleged by the Government commenced and ended in the Northern District of California, or whether it continued into the Southern District of Texas because the offense explicitly involved interstate transport of the video recording. The Court finds that the latter statement is correct and that the Southern District of Texas is a court of proper venue.

## II. ANALYSIS

18 U.S.C. § 2251(a) does not contain a specific, standalone venue provision within its own text. Thus, the Court must consider the constitutional and statutory provisions that govern venue in federal criminal prosecutions. As recently explained by the Supreme Court of the United States in *Abouammo v. United States*, 608 U.S. ____, 146 S. Ct. 1571, 1576–77 (June 11, 2026),

> [T]he Constitution not once but "twice safeguards the defendant's venue right." Article III instructs that "Trial of all Crimes" shall "be held in the State where the said Crimes shall have been committed." § 2, cl. 3. And the Sixth Amendment reinforces that command, entitling criminal defendants to a jury "of the State and district wherein the crime shall have been committed."

> To implement that constitutional rule—meaning, to decide where the crime was committed—courts generally must determine the location of the offense's "essential conduct elements." A court, that is, "must initially identify the conduct constituting the offense"—the things a defendant must do to violate the statute at issue. And then the court must ascertain the "location" of those "criminal acts"—the place where their "commission" occurred. Sometimes that inquiry points to a single district. Sometimes it points to more than one, because the proscribed acts happen in multiple locations. But either way, the inquiry remains one into the place of the crime's conduct elements—the acts that the prosecution must prove to secure a conviction.

*Id.* at 1576–77 (case citations omitted).

The particular criminal conduct in *Abouammo* – the "essential conduct" establishing the offense – was incontrovertibly singular: that the defendant falsify a document with the requisite intent to obstruct a federal investigation. As stated by the Supreme Court,

> Under that framework, the venue for trying a § 1519 offense must be where a document's falsification happened—which here was in Seattle. Recall the terms of the statute: It imposes criminal liability on a person who knowingly "falsifies" a "record [or] document" "with the intent to impede [or] obstruct" a federal investigation. The only prohibited act in that statute is the falsification of a document. Once a person has committed that act (with the requisite intent), he need do nothing more to violate the law.

*Id.* at 1577 (case and record citations omitted).

The elements of the criminal offense as set out in Count One in the instant case is not singular. To the contrary, it requires conduct by Defendant that resulted in the *production* of a visual depiction of sexually explicit conduct with the minor child, and the *transport or transmission* of the visual depiction in interstate or foreign commerce. The Supreme Court made clear that this second element – transport or transmission – was not a venue factor in *Abouammo* as it was not part of the prohibited conduct:

> The only prohibited act in that statute is the falsification of a document. Once a person has committed that act (with the requisite intent), he need do nothing more to violate the law. *He need not, for example, transmit the document to anyone else*, nor must he use it in any particular way. As both Abouammo and the Government agree, the crime is complete upon falsification (again, with the specified intent). And that fact makes the venue inquiry straightforward. Because the only proscribed conduct is falsification, venue must be where falsification occurred.
>
> * * *
>
> For example, a § 1519 offense occurs, as the Government agrees, when a person falsifies a document (with the requisite intent) and then puts it away in a drawer—so without ever using it to obstruct an investigation.

*Id.* at 1577, 1579 (emphasis added; case and record citations omitted).

The crime in Defendant's Count One offense was not complete upon production of the video recording – it required transport or transmission of the video recording in interstate commerce. Consequently, *Abouammo* provides no support for Defendant's argument that the criminal conduct forming the basis for venue in the instant case is limited to production of the video recording in the Northern District of California.

*Abouammo* does, however, set forth the process that a district court must follow in determining proper venue in a federal criminal prosecution. The court "must initially identify the conduct constituting the offense—the things a defendant must do to violate the statute at issue. And then the court must ascertain the 'location' of those 'criminal acts'—the place where their 'commission' occurred." *Id.* at 1576 (case citations omitted). In the instant case, Count One charges that Defendant produced the subject video recording and that he transported the subject video recording on his cell phone. Because the transport or

transmission of the subject video recording is an explicit element of the offense that the Government must prove to convict, it constitutes criminal conduct for purposes of venue. Under 18 U.S.C. § 3237(a), an offense involving transportation in interstate or foreign commerce may be prosecuted in any district from, through, or into which such commerce or imported object moves. Count One charges that Defendant transported the subject video recording; Defendant alleges that the Government's complaint affidavit and discovery suggests that it intends to argue that Defendant produced the video recording in the Northern District of California and transported it to the Southern District of Texas. Thus, the instant offense involves transportation in interstate commerce to the Southern District of Texas, and the Southern District of Texas is a court of proper venue.

## III. CONCLUSION

Defendant's Motion to Dismiss Count One of the Second Superseding Indictment Based on Improper Venue (ECF No. 67) is **DENIED**.

Defendant's Motion to Dismiss Count One of the Superseding Indictment Based on Improper Venue (ECF No. 62) is **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the 15th day of September, 2026.

Keith P. Ellison

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE